UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MALIK BANKS,

                                                           **COMPLAINT**
                   Plaintiff,                      **SDNY - Civil Action No.**

      -against-

                                                          **JURY TRIAL**
UNITED STATES POSTAL SERVICE,         **DEMANDED**

                                      Defendants.
------------------------------------------------------------------------X

        Plaintiff, MALIK BANKS, by his attorneys, KHAVINSON & MANDRONICO, P.C., as and for a Complaint against the Defendants, respectfully alleges, upon information and belief, as follows:

### JURISDICTION AND VENUE

1.     This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2.     Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. §1391(b).

### PARTIES

3.     At all times mentioned herein, Plaintiff, MALIK BANKS, was and is still a resident of the State of New York, County of NEW YORK.

4.     At all times mentioned herein, the UNITED STATES POSTAL SERVICE is a federal agency of the Defendant, THE UNITED STATES OF AMERICA, pursuant to 28 U.S.C. §2671.

### AS AND FOR A FIRST CAUSE OF ACTION

1

5.  That on or about June 21, 2022, Plaintiff, in furtherance of the causes of action stated herein, filed a notice of claim for Damage, Injury, or Death (SF 95), with the United States Postal Service.

6.  That on July 23, 2023 the United States Postal Service accepted the claim for adjudication.

7.  On December 14, 2023, the UNITED STATES POSTAL SERVICE sent a final action denying the Plaintiff's claim, which constitutes a final disposition pursuant to 28 U.S.C. § 2675(a).

8.  That on or about June 13, 2022, Plaintiff, MALIK BANKS, was lawfully present on the sidewalk at or near the intersection of Barclay Street and Broadway, at or near its intersection with West Broadway in the County of New York, State of New York.

9.  That on or about June 13, 2022, Defendant, THE UNITED STATES OF AMERICA, was the registered owner of the USPS Mail Truck that came in contact with Plaintiff.

10. That on or about June 13, 2022, Defendant, THE UNITED STATES OF AMERICA, maintained a USPS Mail Truck.

11. That on or about June 13, 2022, Defendant, was the operator of a USPS Mail Truck.

12. That on or about June 13, 2022, Defendant, was controlling a USPS Mail Truck.

13. That on or about June 13, 2022, Defendant, was operating a USPS Mail Truck with the permission of the owner.

14. That on or about June 13, 2022, Defendant, was operating a USPS Mail Truck in the course of his employment with Defendant, THE UNITED STATES OF AMERICA.

15. Defendant, at all times hereinafter mentioned, was an agent, servant and/or employee of Defendant, THE UNITED STATES OF AMERICA.

16. That on or about June 13, 2022, Defendant, was operating a Truck motor vehicle on or near at or near the intersection of Barclay Street and Broadway, at or near its intersection with West Broadway in the County of New York, State of New York.

17. That on or about June 13, 2022, there was a two-vehicle collision involving the vehicle operated and owned by Defendant, THE UNITED STATES OF AMERICA, and the vehicle operated by Plaintiff, MALIK BANKS, on or near at or near the intersection of Barclay Street and Broadway, at or near its intersection with West Broadway in the County of New York, State of New York.

18. That the Incident was caused by Defendants' negligence.

19. That the Incident was caused by Defendants' carelessness.

20. That Plaintiff, MALIK BANKS, shares no comparative fault and displayed no want of care for the subject collision.

21. By reason of the foregoing, Plaintiff, MALIK BANKS, sustained personal injuries.

22. By reason of the foregoing, Plaintiff, MALIK BANKS, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset and loss of enjoyment of life, and Plaintiff,

MALIK BANKS, will be permanently caused to suffer pain, inconvenience and other effects of such injuries and that plaintiff may undergo surgical procedures to treat the injuries sustained in the accident; Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and the Plaintiff, MALIK BANKS, will be unable to pursue his usual duties and activities with the same degree and efficiency as prior to this accident, all to his damage.

23. That Plaintiff, MALIK BANKS, was seriously and permanently injured under New York State Insurance Law section 5102(d) solely as a result of Defendants' negligence, and/or carelessness.

24. Plaintiff is a "covered person" as defined by Section 5102(j) of the Insurance Law of the State of New York.

25. That Plaintiff, MALIK BANKS, will require medical attention for the rest of her life as a result of his aforesaid serious and permanent injuries.

26. That as a direct result of Defendants' negligence, and/or carelessness, Plaintiff, MALIK BANKS, sustained economic damages that may exceed basic economic loss under New York State Insurance Law section 5104.

27. The aforesaid occurrence and resulting injuries to the Plaintiff were due solely to the negligence, and/or carelessness, of the Defendants' in the ownership, operation, management, inspection, maintenance, supervision, repair and control of the above mentioned motor vehicle, all through no fault or lack of care on the part of Plaintiff herein.

28. The aforesaid occurrence and resulting injuries to the Plaintiff were due solely to the negligence, and/or carelessness, of the Defendants in the ownership, operation, management, inspection, maintenance, supervision, repair and control of the above mentioned truck, in that, *inter alia*, they negligently and carelessly operated said vehicle at an excessive rate of speed for the conditions there and then existing; failed to operate said vehicle within the posted speed limits; failed to keep proper control of said vehicle; failed to keep a proper distance from Plaintiff's vehicle; failed to properly use signaling and safety devices; failed to keep a proper lookout under the circumstances then existing; failed to timely and properly apply brakes of the vehicle; failed to obey traffic signs, signals and markings; failed to properly hire and train their employees in the operation of said vehicle; and failed to use reasonable care to avoid an accident.

29. That the negligence of the Defendants consisted of owning, operating, entrusting, maintaining and controlling the aforesaid motor vehicle in a negligent and careless manner, causing severe personal injuries to the Plaintiff herein.

30. The aforesaid occurrence was caused due to the carelessness and negligence of the Defendant, THE UNITED STATES OF AMERICA, by and through its agency, The United States Postal Service, in its negligent hiring, training, retention and supervision of its agents, servants and/or employees, specifically the driver/operator.

31. That this action falls under one or more of the exceptions of Article 1602 of New York State Civil Practice Law and Rules.

32. That by reason of the foregoing, Plaintiff, MALIK BANKS, has sustained damages, both general and special, and requests an award of monetary damages in the amount of

One Million Dollars ($1,000,000.00).

**WHEREFORE**, the Plaintiff, MALIK BANKS, demands judgment in the Plaintiff's favor and against the above-named Defendant collectively and individually the sum of ONE MILLION and TWENTY-FIVE THOUSAND ($1,000,000.00) DOLLARS; together with reasonably attorney fees, interest, costs and disbursements of this action; and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the applicable local rules, Plaintiffs demand trial by jury for all issues pleaded herein so triable.

## CERTIFICATION AND SIGNATURE

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11 of the F.R.C.P.

Dated: New York, New York
January 31, 2025

                                        Yours, etc.,

                                        KHAVINSON & MANDRONICO, P.C.

                                        By: _____*Evan Levtow*_____
                                        Evan Levtow, Esq.
                                        45 Broadway, Suite 720
                                        New York, New York 10006
                                        (212) 785-5000

## ATTORNEY'S VERIFICATION

Evan Levtow, ESQ., an attorney duly admitted to practice before the United States District Court Southern District of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at KHAVINSON & MANDRONICO, P.C., attorneys of record for Plaintiff. I have read the annexed VERIFIED COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my tiles.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

Dated: New York, New York
January 31, 2025

*Evan Levtow*
Evan Levtow, ESQ.
