UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALIK BANKS,

                          Plaintiff,                      No. 25-CV-925 (RA)

              v.                                          MEMORANDUM
                                                          OPINION AND ORDER
UNITED STATES POSTAL SERVICE,

                          Defendant.

RONNIE ABRAMS, United States District Judge:

Plaintiff Malik Banks commenced this action against the United States Postal Service (USPS) for an alleged violation of the Federal Tort Claims Act (FTCA), relating to injuries Plaintiff claims he suffered when he was hit by a mail truck. The Government has moved to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 15 (Def's Mot.); Dkt. No. 16 (Def.'s Br.). For the reasons that follow, the Government's motion is granted, and the Complaint, Dkt. No. 1 ("Compl."), is dismissed with prejudice.

## BACKGROUND

This case involves an alleged vehicular accident in which Plaintiff was injured by a USPS delivery truck. The underlying facts are not at issue in the Government's motion, so there is no need to recite them at great length here. The questions before the Court are whether (a) the Court has subject matter jurisdiction, given that Plaintiff improperly named USPS as Defendant, and (b) Plaintiff's claim is time-barred. The Court concludes that while substitution of the United States is appropriate to cure the subject matter jurisdiction deficiency, this case is time-barred, and dismissal is appropriate under Rule 12(b)(6).

Plaintiff alleges he was injured by a USPS truck in an accident on June 13, 2022 at the intersection of Barclay Street and Broadway in lower Manhattan. Compl. ¶ 8. Plaintiff further alleges that he "will require medical attention for the rest of her [sic] life as a result of his . . . serious and permanent injuries." *Id.* ¶ 25. On June 21, 2022, Plaintiff submitted to USPS a Standard Form 95: Claim for Damage, Injury or Death ("SF-95"), seeking damages resulting from his injuries in the accident. *Id.* ¶ 5. On December 14, 2023, USPS sent Plaintiff a letter denying the claims made in his SF-95. *Id.* ¶ 7.

On April 10, 2024, Plaintiff filed a complaint in this district against USPS and John Doe, "a USPS employee who was the operator [of the vehicle]." *Banks v. U.S. Postal Serv. et al.*, 24-CV-2710 (S.D.N.Y.) (*Banks I*), Dkt. No. 1.[1] The *Banks I* complaint made substantially the same allegations that Plaintiff would later make in the Complaint in this case. *Banks I* was assigned to Judge Garnett. On June 13, 2024, Judge Garnett issued an order directing Plaintiff to remedy several issues with the *Banks I* complaint. *Id.*, Dkt. No. 3. It does not appear from the *Banks I* docket that Plaintiff ever remedied those issues. On June 28, 2024, Judge Garnett dismissed *Banks I* for failure to prosecute. Specifically, her order stated: "Because the Court has not received any response from Plaintiff [to the June 13 order], nor any indication that he intends to pursue this case despite ample notice and specific warning that a failure to act would result in dismissal, the instant action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to CLOSE this case." *Id.*, Dkt. No. 4 (*Banks I* dismissal).

---

[1] "There are exceptions to Rule 12(b)(6)'s general prohibition against considering materials outside the four corners of the complaint. . . . Courts may . . . properly consider matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." *Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011). The Court thus has discretion to consider both Plaintiff's filings and the court's orders in *Banks I*, and both parties have relied upon *Banks I* materials in their briefing.

On January 31, 2025, Plaintiff filed the Complaint in this case.  On June 9, 2025, the Government moved to dismiss.  The Government attached Plaintiff's SF-95 to its motion.  Dkt. Nos. 17-1, 17-2 (SF-95).  The Government also filed a letter that it sent to Plaintiff's counsel, informing Plaintiff that his claim had been denied and advising him of his right to file suit within six months of the letter's mailing date.  Dkt. No. 17-3 (denial notice).  Finally, the Government provided tracking information, showing that the denial notice was delivered to Plaintiff's counsel.  Dkt. No. 17-4 (tracking information).

On July 31, 2025, the same day that Plaintiff filed his Opposition to the present motion to dismiss, his counsel filed a motion before Judge Garnett, seeking to reopen *Banks I*.  In the letter motion, Plaintiff's counsel wrote: "I am writing . . . for the Plaintiff, Malik Banks. . . . The prior handling attorney is no longer with the firm. . . . I apologize for the prior delinquency on behalf of my predecessor, as well as my lateness in filing the aforementioned documentation, and request that the Court reopen/reinstate this matter in light of the aforementioned circumstances."  *Banks I*, 24-CV-02710, Dkt. No. 9 ("Versoza Letter").

Judge Garnett denied the motion to reopen *Banks I* on August 1, 2025.  She first noted that Plaintiff's counsel offered no "explanation for former counsel's failure to comply" with Judge Garnett's June 13, 2024 order concerning Plaintiff's failure to prosecute.  *Id.*, Dkt. No. 12 ("R. 60 Mot. Denial") at 1.  Judge Garnett further explained that "Plaintiff may not . . . reopen this action to effectively undermine the statute of limitations defense raised" by the Government in this case, and thus denied Plaintiff's motion to reopen *Banks I*.  *Id.* at 2.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.  In resolving

a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.  A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).[2]

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action," which are "supported by mere conclusory statements, do not suffice." *Id.*  In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court "constru[es] the complaint liberally, accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), although it need not "accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555.  A court may, however, consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

"A court presented with a motion to dismiss under both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is

---

[2] Unless otherwise indicated, quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

a decision on the merits, and therefore, an exercise of jurisdiction." *Chambers v. Wright*, 2007 WL 4462181, at \*2 (S.D.N.Y. Dec. 19, 2007).

## DISCUSSION

The Government makes two arguments for why dismissal is appropriate. First, the Government argues that USPS is not a proper party, and this Court lacks subject matter jurisdiction and should dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff responds that he should be permitted to file an amended complaint, naming the United States as Defendant, which would cure the subject matter jurisdiction issue. Alternatively, Plaintiff requests that the Court substitute the United States as Defendant. Second, the Government argues that this case is time-barred and should be dismissed pursuant to Rule 12(b)(6). Plaintiff responds that the Complaint relates back to *Banks I*, the dismissed case that was filed within the limitations period. Although the Court agrees with Plaintiff that substitution of the United States as a party is appropriate and would cure any subject matter jurisdiction issue, the case is time-barred and thus must be dismissed.[3]

### I.    Substitution of the United States as Defendant Is Appropriate

The Government argues that the Complaint should be dismissed for lack of subject matter jurisdiction, as USPS is not a proper Defendant under the FTCA. The Court may, however, exercise its discretion to substitute the United States as the proper defendant in the interest of judicial efficiency. It does so here.

---

[3] Although the Court is persuaded by the Government's second argument that the Complaint is clearly time-barred and therefore fails to state a claim, "the Court must consider the Rule 12(b)(1) motion [regarding whether Plaintiff named a proper Defendant] first because disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Summerville v. Gotham Comedy Found., Inc.*, 765 F. Supp. 3d 293, 298 (S.D.N.Y. 2025).

The Government is correct that USPS, a federal agency, is not a proper defendant in an FTCA case. FTCA claims "must be brought against the United States," "not individual federal employees or agencies." *Cordero v. Sec'y of Health & Hum. Servs.*, 2025 WL 369999, at *2 n.1 (S.D.N.Y. Jan. 31, 2025). USPS is an "individual . . . agenc[y]," *id.*, and Plaintiff did not name the correct defendant—the United States. Cases against individual federal employees or agencies, rather than the United States, fall outside of the Court's subject matter jurisdiction. *Barbera v. Smith*, 654 F. Supp. 386, 389 (S.D.N.Y. 1987).

As the Government acknowledges, Dkt. No. 26 (Def.'s Reply) at 3, district courts maintain the discretion to substitute the United States for a federal agency that is improperly named as a defendant in an FTCA case. As the court explained in *Anwar v. Fairfield Greenwhich Ltd.*:

> Under Rule 21, the court may, on motion or *sua sponte,* "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. While the rule is labeled "misjoinder of parties," its application is not limited to instances of misjoinder. Its scope is broader, affording courts discretion to shape litigation in the interests of efficiency and justice. In exercising its discretion under Rule 21, the court must consider principles of fundamental fairness and judicial efficiency.

118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015). Correcting Plaintiff's error here—naming USPS rather than the United States as Defendant—is fundamentally fair. And rather than dismissing this case without prejudice, which in turn might lead Plaintiff to re-file it, and perhaps to a *'Banks III'*, substituting the United States as Defendant here will enable a far more expedient resolution to this case. Substitution of the United States as Defendant, therefore, is appropriate, and having concluded that the Court has subject matter jurisdiction over the case, the Court will next assess the merits of the Government's motion under 12(b)(6).

**II.      The Complaint is Time Barred and Must Be Dismissed Under Rule 12(b)(6)**

The Government next argues that Plaintiff's action is time-barred because he commenced this action months after the expiration of the six-month statute of limitations. Therefore, the Government asserts, Plaintiff fails to state a claim under Rule 12(b)(6) and the Complaint should be dismissed. Plaintiff responds by arguing that the Court should consider the Complaint to be a second-filed complaint in *Banks I*, which was initiated within the limitations period. Because *Banks I* was dismissed for Plaintiff's failure to prosecute, and in light of Judge Garnett's decision not to reopen that case, it is clear that the Complaint is not part of *Banks I* and is indeed time-barred. Dismissal is thus appropriate pursuant to Rule 12(b)(6), as Plaintiff fails to state a claim.

**A.  The Complaint Falls Outside the Limitations Period**

The Government argues that the Complaint must be dismissed because it was filed more than six months after USPS mailed Plaintiff a denial notice of his administrative claim. Def.'s Br. at 3. This action, like *Banks I*, was brought under the FTCA, which provides a cause of action for tort claims for individuals injured by the federal government and its employees operating within the scope of their employment. The FTCA includes an explicit time-bar on the filing of complaints following administrative denials by government agencies: "A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401; *see also Hannon v. U.S. Postal Serv.*, 701 F. Supp. 386, 388 (E.D.N.Y. 1988) ("[T]he [FTCA's] statutory scheme contains a six-month statute of limitations for commencing an action, which begins to run only when the claim has been formally denied by the agency to which it was presented.").

Plaintiff alleges that he followed USPS's administrative process for claims against the agency and filed an SF-95 seeking monetary damages. Compl. ¶ 5. Plaintiff's administrative claim was a prerequisite to FTCA relief: "Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination." *Clifton v. New York*, 2024 WL 343088, at *4 (S.D.N.Y. Jan. 29, 2024). Plaintiff further alleges that he did receive such a final written determination on December 14, 2023, when the Government sent him a "final action denying [his] claim, which constitutes a final disposition." Compl. ¶ 9. Pursuant to 28 U.S.C. § 2401, Petitioner then had until June 14, 2024, six months post-denial, to file an FTCA claim. Petitioner did not file the Complaint in this action until January 31, 2025, well over six months after the mailing date of the denial of his administrative claim. Thus, absent some justification, the Complaint is time-barred.

**B.  *Banks I* Does Not Justify the Time-Barred Complaint**

Plaintiff asserts that, despite the filing of the Complaint more than six months after the mailing of the final denial of his SF-95, this action is not time-barred. He argues that the Complaint, filed under a new case number, should be treated as a new complaint in *Banks I*, even though Judge Garnett dismissed *Banks I* and refused to reopen it. "The filing of a complaint under the 1:25-cv-00925 was a misguided effort to continue from the previously filed complaint under case number 1:24-cv-02710," Plaintiff states, and not an attempt to bring a new action. Dkt. No. 25 (Pl.'s Opp'n) at 4.

Notwithstanding Plaintiff's "anticipat[ion]" that *Banks I* would "be reopened," *id.*, Judge Garnett ruled to the contrary on July 31, 2025. *Banks I*, 24-CV-02710, R. 60 Mot. Denial. The Court agrees with Judge Garnett's reasoning in her Rule 60 order and concludes that the

Complaint is not a part of *Banks I*, which is a closed case.  It is true that, "[u]nder the Federal Rules, if an amended complaint pleads a claim or defense that is based on the same conduct, transaction or occurrence described in the original complaint, the amended complaint relates back to the date of the original for purposes of applying the statute of limitations."  *Lefkowitz v. Bank of New York*, 676 F. Supp. 2d 229, 252 n.12 (S.D.N.Y. 2009).  In light of Judge Garnett's ruling, though, there is no basis to treat the Complaint as an amended complaint in *Banks I.*

Under certain circumstances, the doctrine of equitable tolling can provide an alternative ground for finding that an action filed later than 28 U.S.C. § 2401(b)'s six-months limitations period is not time-barred.  That doctrine "allows for a statute of limitations to be retroactively paused 'when a party has pursued his rights diligently but some extraordinary circumstance prevents him from meeting a deadline.'"  *Rigo Limo Auto Corp. v. United States*, 2022 WL 17544232, at *2 (E.D.N.Y. Dec. 2, 2022) (quoting *United States v. Wong*, 575 U.S. 402, 407–08 (2015)).  Though Plaintiff does not raise an equitable tolling justification, Pl.'s Opp'n at 4, the Court considers it nonetheless.

Plaintiff has pointed to no extraordinary circumstance here justifying application of the doctrine.  The only colorable argument for equitable tolling here would be Plaintiff's counsel's lack of diligence in failing to litigate *Banks I*.  As the Second Circuit has articulated, there are "only a limited number of circumstances that may merit equitable tolling, such as where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary."  *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004).  A "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."  *Holland v. Florida*, 560 U.S. 631, 651–52 (2010).  As the Second Circuit held in declining to equitably toll a statutory deadline to challenge an adverse decision from the

EEOC, a "lack of due diligence on the part of plaintiff's attorney is insufficient to justify application" of the doctrine. *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994). This case presents a similar circumstance. Besides a general "apolog[y] for the prior delinquency on behalf" of a former attorney at Plaintiff's counsel's firm, Versoza Letter, Plaintiff's counsel has offered no "explanation for former counsel's failure to comply" with Judge Garnett's orders in *Banks I*. 24-CV-02710, R. 60 Mot. Denial at 1. "The only thing Plaintiff points to is [his] counsel's conduct, but that is not enough" for equitable tolling. *Frazzetto v. Bisignano*, 2025 WL 3140612, at *4 (E.D.N.Y. Nov. 10, 2025) (citing *Bachand v. Saul*, 778 F. App'x 74, 75 (2d Cir. 2019)).

## CONCLUSION

For the reasons set forth above, the Court concludes that substitution of the United States as Defendant is appropriate. The Court further concludes that dismissal is warranted pursuant to Rule 12(b)(6). "Where the complaint clearly shows the claim is out of time, it should be dismissed with prejudice." *Network Apps, LLC v. AT&T Mobility LLC*, 778 F. Supp. 3d 610, 625 (S.D.N.Y. 2025). Therefore, the Court grants the motion, and the Complaint is dismissed with prejudice. The Clerk of Court is respectfully directed terminate the motion pending at Docket Number 15 and close this case.

SO ORDERED.

Dated:  December 30, 2025
        New York, New York

_____
Ronnie Abrams
United States District Judge

10